IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOANNE JENKINS and
QUENTON WOODEN,

    Plaintiffs,

vs.                                      CASE NO.: 4:03cv208-SPM/AK

OFFICER CHUCK PERRY,

    Defendant.

_____/

**<u>ORDER AFFIRMING MAGISTRATE JUDGE'S RULING</u>**

      Pending before the Court is Plaintiffs' Objection to Magistrate's Order (doc. 154). The order (doc. 152) prohibits Plaintiffs' witness, Elaine Harper, from testifying on Plaintiffs' behalf at trial based on Ms. Harper's refusal to answer questions at her second deposition concerning the preparation of her own sworn statement dated August 23, 2005 and the preparation of a letter written to Chief McNeil on December 1, 2003. The order also grants Defendants fees and expenses incurred as a result of Plaintiffs' failure to comply with a previous order.

      In a previous order (doc. 132), the Magistrate Judge granted a motion to compel Ms. Harper to answer questions concerning the letter and the sworn statement, despite objections raised by Plaintiffs' counsel on Ms. Harper's behalf that the questions put Ms. Harper at risk of prosecution for unlicensed practice of

law.  Inquiry about the letter and statement, the Magistrate Judge found, did not reasonably put Ms. Harper at risk of prosecution because the documents did not purport to be legal documents and did not implicate any of the acts proscribed by the unlicensed practice of law statute[1].  The Magistrate Judge agreed, however, that Ms. Harper should not be required to answer questions concerning the preparation of pro se complaints and court documents filed by Plaintiffs.  The Magistrate Judge further recognized that Plaintiffs' counsel did not have standing to interject objections on Ms. Harper's behalf and that Ms. Harper had retained her own lawyer who could make objections.

Despite the Magistrate Judge's ruling, at Ms. Harper's second deposition, Plaintiffs' attorney made a Fifth Amendment objection on Ms. Harper's behalf when defense counsel asked for the names of any family members present at the time Ms. Harper first saw the letter to Chief McNeil.  Plaintiffs' attorney explained that the line of questioning could lead to a prosecution of Ms. Harper for the unlicensed practice of law.  Plaintiffs' attorney also objected on grounds of relevance and to the form of the question when Ms. Harper was asked if she prepared the letter, typed the letter, if she owned a computer, if she saw anyone

---

[1] Plaintiffs' attorney cited to § 454.23, Fla. Stat., which provides: "Any person not licensed or otherwise authorized to practice law in this state who practices law in this state or holds himself or herself out to the public as qualified to practice law in this state, or who willfully pretends to be, or willfully takes or uses any name, title, addition, or description implying that he or she is qualified, or recognized by the law as qualified, to practice law in this state, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."

else write the letter, if she had any knowledge as to whether anyone else prepared the letter, if Plaintiff Joanne Jenkins prepared the letter, and if Plaintiff Quenton Wooden prepared the letter.  After each objection by Plaintiffs' attorney, Ms. Harper refused to answer the question and asserted her Fifth Amendment privilege against self incrimination. With regard to her sworn statement, Ms. Harper refused to answer and asserted her Fifth Amendment privilege when asked if she typed the statement.  In contrast to the numerous objections made by Plaintiffs' attorney, Ms. Harper's own attorney remained relatively silent during the second deposition.

After the second deposition, Defendants filed a motion to hold Ms. Harper in contempt, or alternatively to preclude Plaintiffs from offering her testimony at trial.  In the motion, Defendants alleged that Plaintiffs' attorney continued to make Fifth Amendment objections on Ms. Harper's behalf and prompted Ms. Harper to invoke her Fifth Amendment privilege, despite the Magistrate Judge's ruling and the presence of Ms. Harper's own attorney at the deposition.  The questions Ms. Harper refused to answer concerned the letter to Chief McNeil and Ms. Harper's sworn statement, which the Magistrate Judge previously ruled Ms. Harper was required to answer.

Ms. Harper, through her own attorney, filed a response.  In the response, Ms. Harper argued that if she answered questions about the typesetting or other physical features of the non-legal documents, the similarity of those papers to the pleadings could establish a link that could aid in a prosecution for the unlicensed

practice of law.  Ms. Harper also argued that the questions concerning preparation of the documents had no relevance to the proceedings.

In rejecting Ms. Harper's argument and imposing a sanction prohibiting Ms. Harper from testifying on Plaintiffs' behalf, the Magistrate Judge noted that he had already ruled that Ms. Harper was required to answer questions about the letter and her own sworn statement.  Second, the Magistrate Judge noted that Ms. Harper's refusal to answer questions went far beyond questions concerning the typewriter or computer upon which the documents were produced.  Third, the Magistrate Judge found that Ms. Harper's fear of prosecution lacked a substantial or real basis because non-attorneys often help pro se litigants draft, research, and file legal papers; which is allowable so long as a non-attorney does not sign papers as a legal representative, charge for services, or hold herself out as someone who is qualified to practice law.  Fourth, the Magistrate Judge found that Plaintiffs' lawyer encouraged Ms. Harper not to answer the questions, despite the Court's prior ruling that Plaintiffs' counsel had no standing to object on Ms. Harper's behalf.

This Court can reconsider the Magistrate Judge's order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. 636(b)(1)(A).  Under this standard, the Court will affirm the order unless the Court has a definite and firm conviction that error has occurred.  See Linea Navira De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A., 169 F.Supp.2d 1341, 1355 (M.D. Fla. 2001); Nugent v. Hercules Offshore Corp.,

1999 WL 1277536 at *1 (E.D. La. Dec. 28, 1999).

In their objections to the Magistrate Judge's order, Plaintiffs state for the first time that Plaintiffs' attorney did not intend to raise a Fifth Amendment objection on Ms. Harper's behalf, although Plaintiffs acknowledge that their attorney expressed concern that Ms. Harper was being asked to incriminate herself.  Plaintiffs also explain that, although not previously noted in any motions or responses, there was an issue of whether Ms. Harper actually signed some or all of the pro se complaints, thereby making her fear of prosecution reasonable.

These arguments are not properly considered now because they could have been, but were not, raised before the Magistrate Judge.  "A party has a duty to put its best foot forward before the magistrate: to spell out its arguments squarely and distinctly." Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co. 840 F.2d 985, 990 (1st Cir. 1988).  "Systemic inefficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." Id.

Even if Plaintiffs' objections were considered, the Court finds that the Magistrate Judge's ruling should still be affirmed.  A review of Ms. Harper's second deposition transcript shows that Plaintiffs' attorney was prompting Ms. Harper to claim a Fifth Amendment privilege.  Furthermore, Ms. Harper's refusal to answer questions was contrary to the Magistrate Judge's previous order.  Moreover, Ms. Harper's refusal to answer questions went beyond questions

concerning the typewriter or computer upon which the documents were produced.

Based on the foregoing, the Court finds that Magistrate Judge Kornblum did not err when he ruled that Plaintiffs may not call Ms. Harper as a witness on their behalf at trial and granted fees and expenses to Defendants.  Accordingly, it is

ORDERED AND ADJUDGED:

1. Plaintiffs' Objection to Magistrate's Order (doc. 154) is overruled.

2. The order (doc. 152) issued by Magistrate Judge Kornblum is affirmed.

DONE AND ORDERED this 10th day of August, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge